UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Berthinia S. Williams,<br><br>                Plaintiff,<br><br>    v.<br><br>Veronica Sevilla,<br><br>                Defendant. | Case No. 2:24-cv-01022-RFB-DJA<br><br>**Order** |

Under 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and has requested authority to proceed *in forma pauperis*. (ECF No. 1). Plaintiff also submitted a complaint. (ECF No. 1-1). Because the Court finds that Plaintiff's application is complete, it grants her application to proceed *in forma pauperis*. However, because the Court finds that Plaintiff's complaint does not properly assert the elements of the claims she purports to bring, the Court dismisses her complaint without prejudice and with leave to amend.

**I.    *In forma pauperis* application.**

Plaintiff filed the affidavit required by § 1915(a). (ECF No. 1). Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted under 28 U.S.C. § 1915(a). The Court will now review Plaintiff's complaint.

**II.    Legal standard for screening.**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the

complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000).  A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*, 556 U.S. at 679.  Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice.  *Id.* at 678.  Where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed.  *Twombly*, 550 U.S. at 570.  Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers.  *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute.  *See Rasul v. Bush*, 542 U.S. 466, 489 (2004).  Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law.  *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002).  Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Under 28 U.S.C. § 1332(a), federal

district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." Generally speaking, diversity jurisdiction exists only where there is "complete diversity" among the parties; each of the plaintiffs must be a citizen of a different state than each of the defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

**III.     Screening the complaint.**

This is an employment action arising out of Plaintiff's allegation that she was wrongfully terminated from her position at the Westgate Las Vegas Resort and Casino. Plaintiff sues Veronica Sevilla—the Director of Team Member Services at the Westgate—for damages. Liberally construing her complaint, it appears that Plaintiff is attempting to bring the following claims: (1) employment discrimination in violation of the Americans with Disabilities Act ("ADA"); (2) hostile work environment in violation of the ADA; (3) retaliation in violation of the ADA; (4) defamation; and (5) intentional infliction of emotional distress.[1]

---

[1] In her caption, Plaintiff lists "Race Discrimination, Retaliation, Defamation of Character, Unequal Treatment, Disregard of my mental illness, Severe Intentional of [sic] Emotional Distress, Deception, Dishonesty, Wrongful Termination and deceitful to Government agency for malicious intent." The Court construes these claims as those listed above with the exception of Plaintiff's race discrimination claim. Plaintiff does not identify any facts that would support a race discrimination claim. So, the Court does not construe her complaint as alleging one. *See Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006) (explaining that, to establish a prima facie case for race discrimination under Title VII of the Civil Rights Act, a plaintiff must allege that she: (1) belongs to a class of persons protected by Title VII; (2) performed her job satisfactorily; (3) suffered an adverse employment action; and (4) was treated differently than a similarly situated employee who does not belong to the same protected class as the plaintiff).

The Court also notes that, to the extent Plaintiff is in fact attempting to bring an ADA claim, Plaintiff has not demonstrated that she has exhausted her administrative remedies before filing her claim in federal court. *See* 42 U.S.C. §§ 2000e-5 (Title VII's exhaustion requirements); 42 U.S.C. § 12117(a) (ADA's adoption of Title VII's exhaustion requirements). This requires a plaintiff to file a complaint with the EEOC within 180 days of any alleged unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1); *see Laquaglia v. Rio Hotel & Casino, Inc.*, 186 F.3d 1172, 1174 (9th Cir. 1999). If the EEOC finds that suit is warranted, it will issue a right to sue letter, which gives the plaintiff the authority to bring her suit in federal court. *McKnight v. Nevada Department of Administration*, No. 3:22-cv-00497-ART-CLB, 2023 WL 9035348, at *3 (D. Nev. Dec. 29, 2023). Because the exhaustion requirements under the ADA are "mandatory" claims processing rules, a court must enforce them if a party properly raises them. *See Fort Bend Cnty., Texas v. Davis*, 139 S. Ct. 1843, 1851 (2019); *McKnight*, 2023 WL 9035348, at *3. Here,

Plaintiff alleges that she began working for the Westgate on March 28, 2022. Plaintiff asserts that she has bipolar disorder and that three individuals in management were aware of her condition: (1) Sevilla; (2) Vice President of Hotel Operations Deborrah Ong; and (3) the Director of Plaintiff's department, Keena Fisher.[2] On May 28, 2023, Plaintiff came to work without taking her medication. Plaintiff had an emotional outburst in front of two other individuals, Claudia Rodriguez and Terry Buchannan. Rodriguez[3] reported Plaintiff's behavior to the Assistant Director of Housekeeping, Myriam Mendoza, lying that Plaintiff had threatened to hit a coworker and mentioned a gun. Mendoza reported this to her supervisors. On May 30, 2023,[4] Sevilla, Fisher, and Ong agreed to suspend Plaintiff. A month later, Plaintiff received a call that she had been terminated for misconduct.

In August of 2023, the Culinary Union Board held a meeting regarding Plaintiff's termination. There, the Board representative questioned Buchanan and Rodriguez under oath about what had happened on May 28th. Both Buchannan and Rodriguez testified that Plaintiff had not mentioned a coworker by name and that they did not feel threatened by Plaintiff. Buchannan testified that Plaintiff did not mention a gun, but Rodriguez testified that Plaintiff had. Plaintiff alleges that Sevilla, who was also present at the meeting, became combative with Plaintiff.

---

because Plaintiff does not explicitly raise ADA claims, and because even if she did the Court would dismiss them for failure to state a claim, the Court does not address the exhaustion requirement. But, if Plaintiff were to amend her complaint to allege an ADA claim against her employer, she would need to show that she has exhausted her administrative remedies before bringing this claim.

[2] Plaintiff asserts that these individuals are defendants, but does not list them in the caption of her complaint. If Plaintiff wishes to name these individuals in her amended complaint, she must include them in the caption of that amendment.

[3] Plaintiff appears to allege claims against Rodriguez, but also does not list Rodriguez in the caption of her complaint. If Plaintiff wishes to name Rodriguez in her amended complaint, she must include her in the caption of that amendment.

[4] Certain of Plaintiff's dates list the wrong year, 2024. However, the Court finds that these are typos because many of the dates to which Plaintiff refers have not yet passed.

Plaintiff appealed her termination and on April 16, 2024, received a letter upholding the termination. That letter explained that Sevilla had investigated the event of May 28th and had found both witnesses versions of events were essentially the same, justifying the termination. Plaintiff claims that Sevilla must have misrepresented the findings of her investigation because, at the August Culinary Union Board hearing, both Buchannan and Rodriguez testified that they did not feel threatened by Plaintiff and that Plaintiff did not mention any names.

### A. *Employment discrimination.*

To state a prima facie case of employment discrimination under the ADA, a plaintiff must allege that: (1) she is "disabled" pursuant to the ADA; (2) she is a qualified individual, able to perform the essential functions of the job, with or without reasonable accommodation; and (3) she suffered an adverse employment action because of her disability. *See Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1090 (9th Cir. 2002); *Nunes v. Wal–Mart Stores, Inc.*, 164 F.3d 1243, 1246 (9th Cir. 1999); *see also* 42 U.S.C. § 12111(8)–(9) (defining "qualified individual" and "reasonable accommodation"); *see Kagawa v. First Hawaiian Bank/Bancwest Corp.*, 819 F.Supp.2d 1125, 1128 (D. Haw. 2011). The ADA defines a disability as "a physical or mental impairment that substantially limits one or more of the major life activities of such individual," "record of such an impairment," or "being regarded as having such an impairment." 42 U.S.C. § 12102(1).

Here, liberally construing Plaintiff's complaint, the Court finds that she has alleged the first and third elements of discrimination, but not the second. Plaintiff has alleged that she has a disability—bipolar disorder—that caused her to have no control over her emotions. Plaintiff has also alleged that she was terminated because of an emotional outburst caused by her bipolar disorder. However, Plaintiff has not alleged that she was qualified to perform the essential functions of her job with or without a reasonable accommodation. Plaintiff has not alleged what her job was or whether she had any accommodations for her disability. Without this information the Court cannot find that Plaintiff has alleged a claim for discrimination under the ADA. The Court dismisses this claim without prejudice and with leave to amend.

### B. Hostile work environment.

To establish a hostile work environment claim under the ADA Plaintiff must show that "(1) she is a qualified individual with disability; (2) she suffered from unwelcome harassment; (3) the harassment was based on her disability or a request for accommodation; (4) the harassment was sufficiently severe or pervasive to alter the conditions of her employment and to create an abusive working environment; and (5) Defendant[ ] knew or should have known of the harassment and failed to take prompt remedial action." *Vitchayanonda v. Shulkin*, No. ED CV 17-0349 FMO (SPX), 2019 WL 4282905, at *10 (C.D. Cal. Mar. 29, 2019) (citations omitted). "When determining whether an environment was sufficiently hostile or abusive, courts examine all of the circumstances, including the frequency of the discriminatory conduct, its severity, whether it was physically threatening or humiliating, and whether it unreasonably interfered with an employee's work performance." *Crowley v. Wal-Mart Stores*, No. CV 16-00293 SOM/RLP, 2018 WL 4345251, at *8 (D. Haw. Sept. 11, 2018) (citing *Faragher v. City of Boca Raton*, 524 U.S. 775, 787-88 (1998)); *see Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (an abusive working environment exists when "the workplace is permeated with 'discriminatory intimidation, ridicule, and insult' ... that is 'sufficiently severe or pervasive to alter the conditions of the victim's employment'") (quoting *Meritor Savings Bank, FSB v. Vinson*, 477 U.S. 57, 65-67 (1986)); *Orio v. Dal Glob. Servs., LLC*, No. 14-00023, 2016 WL 5400197, at *16 (D. Guam Sept. 26, 2016) ("Like a hostile work environment claim based on sex, race, or nationality, a sufficiently severe or pervasive hostile work environment based on disability presents a high bar.").

Plaintiff has not alleged any of the elements of this claim. While Plaintiff alleges that she has a disability, she has not alleged that she was a qualified individual because she does not assert what her job is or whether she is able to accomplish its essential functions with or without accommodations. And Plaintiff has not alleged sufficient facts about any harassment she faced to substantiate the remaining elements. While Plaintiff alleges that Sevilla started to get more involved in certain meetings, was "malicious and cruel," and was combative with Plaintiff during the meeting in front of the Culinary Union Board, these are insufficient facts for the Court to find

a harassment claim. The Court thus dismisses this claim without prejudice and with leave to amend.

### C. Retaliation.

To establish a prima facie case for retaliation under the ADA, an employee must show that: (1) she was engaged in a protected activity; (2) suffered an adverse employment action; and (3) there was a causal link between the two. *Pardi v. Kaiser Foundation Hospitals*, 389 F.3d 840, 849 (9th Cir. 2004). For purposes of retaliation, an employee's protected activity includes opposing any act or practice by the employer that violates the ADA and pursuing rights guaranteed by the statute like requesting a reasonable accommodation. *See id.* at 850; *LeBarron v. Interstate Group, LLC*, 529 F.Supp.3d 1163, 1173 (D. Nev. Mar. 26, 2021).

Here, while Plaintiff has alleged the second element of retaliation—an adverse employment action in the form of her termination—she has not alleged the other two. Plaintiff does not allege that she was engaged in protected activity. Indeed, she was terminated before her engagement in the hearing before the Culinary Union or her appeal. And Plaintiff does not allege that she was terminated because of her protected activity. The Court thus dismisses this claim without prejudice and with leave to amend.

### D. Defamation.[5]

An action for defamation requires the plaintiff to prove four elements: (1) a false and defamatory statement; (2) an unprivileged publication to a third person; (3) fault, amounting to at least negligence; and (4) actual or presumed damages. *Clark County School District v. Virtual Education Software, Inc.*, 213 P.3d 496, 503 (Nev. 2009) (quotations omitted). Here, Plaintiff alleges the elements for a defamation claim against Rodriguez.[6] Plaintiff alleges that Rodriguez

---

[5] The Court refers to defamation, rather than slander as Plaintiff phrases her claim, because libel (written) and slander (spoken) are both forms of defamation. *See Flowers v. Carville*, 292 F.Supp.2d 1225, 1232 n.1 (D. Nev. 2003).

[6] While Plaintiff appears to assert this claim against Sevilla, she does not identify any false statements that Sevilla made. Additionally, Plaintiff does not name Rodriguez as a defendant in her caption, although the Court liberally construes the complaint as brining the defamation claim against Rodriguez.

falsely stated that Plaintiff had mentioned a gun during the May 28th event.  Plaintiff alleges that Rodriguez told this to Mendoza and did so intentionally.  And Plaintiff alleges that she was harmed by being fired.

However, although Plaintiff has alleged the elements of a defamation claim against Rodriguez sufficient for the purposes of screening, the Court cannot allow this claim to proceed on its own.  This is because, without any accompanying federal claims,[7] the Court does not have jurisdiction over Plaintiff's state law claim.  Plaintiff alleges that she is a resident of Nevada.  She does not allege where Rodriguez is a resident, but the Court presumes that Rodriguez is also a Nevada resident because Plaintiff alleges that Rodriguez is employed by Westgate.[8]  So, to the extent Plaintiff names Rodriguez as a defendant, Plaintiff and Rodriguez are not diverse parties for the purposes of diversity jurisdiction.  *See Caterpillar Inc.*, 519 U.S. at 68 (explaining that, generally speaking, diversity jurisdiction exists only where there is complete diversity among the parties, meaning that each of the plaintiffs is a citizen of a different state than each of the defendants).  And without federal question or diversity jurisdiction over this claim, the Court has no jurisdiction to decide it.  The Court thus dismisses this claim without prejudice and with leave to amend.

### E. *Intentional infliction of emotional distress.*

The elements for a claim of intentional infliction of emotional distress are: (1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress; (2) the plaintiff's having suffered severe or extreme emotional distress; and (3) actual or proximate causation.  *Dillard Dep't Stores, Inc. v. Beckwith*, 989 F.2d 882, 886 (Nev. 1999).  Here, it is not clear against which Defendant Plaintiff alleges this claim.  To the extent she alleges it against Sevilla, Plaintiff has not provided sufficient facts about Sevilla's actions to support this

---

[7] The ADA is a federal statute and thus, Plaintiff's claims arising under it are federal claims and provide federal question jurisdiction.  *See* 28 U.S.C. § 1331.  However, as outlined above, the Court has dismissed Plaintiff's ADA claims.  So, if Plaintiff's state law defamation claim were to proceed, there would be no federal claims that would form the basis for this Court's jurisdiction.

[8] Plaintiff does not directly state that Rodriguez is an employee.  But the complaint provides sufficient context for the Court to draw this conclusion.

claim. And while Plaintiff would meet all of the elements if she alleged this claim against Rodriguez, Plaintiff does not explicitly state she is bringing this claim against Rodriguez. Even if she did properly identify Sevilla or Rodriguez, this claim would fail for the same reason as Plaintiff's defamation claim, because intentional infliction of emotional distress is a state law claim. Because Rodriguez is presumably a Nevada citizen and Plaintiff alleges that Sevilla is a Nevada citizen, the Court does not have independent jurisdiction over an intentional infliction of emotional distress claim without any accompanying federal claims. The Court thus dismisses this claim without prejudice and with leave to amend.

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **granted.** Plaintiff shall not be required to pre-pay the filing fee. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to file Plaintiff's complaint (ECF No. 1-1) on the docket but shall not issue summons. The Clerk of Court is also kindly directed to send Plaintiff a copy of this order.

**IT IS FURTHER ORDERED** that the complaint (ECF No. 1-1) is **dismissed without prejudice** for failure to state a claim upon which relief can be granted, with leave to amend. Plaintiff will have until **July 23, 2024** to file an amended complaint if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) to make the amended complaint complete. This is because, generally, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint,

each claim and the involvement of each Defendant must be sufficiently alleged. **Failure to comply with this order will result in the recommended dismissal of this case.**

DATED: June 24, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE